# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EVANGELINA MARTINEZ-PERALES, | ) | Case No.: 1:17-cv-1353 JLT |
| Plaintiff, | ) ) | ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO |
| v. | ) ) | 42 U.S.C. § 406(b) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) | (Doc. 33) |
| Defendant. | ) | |

Kelsey Mackenzie Brown, counsel for Plaintiff Evangelina Martinez-Perales, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 33.) Neither Plaintiff nor the Commissioner of Social Security have opposed the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

**I.**     **Relevant Background**

Plaintiff entered into a "Fee Agreement & Contract" with Mackenzie Legal, PLLC, on September 25, 2017. (Doc. 33-1 at 3-5) In the agreement, Plaintiff indicated that if she was awarded benefits after a court remand for further proceedings, Mackenzie Legal was "authorize[d]… to seek fees from [her] past due benefits totaling up to 25% of all past due benefits, pursuant to 42 U.S.C. § 406(b)." (*Id.* at 4.) The agreement also indicated counsel may seek compensation under the Equal Access to Justice Ac for work completed before the Court and the amount awarded would be reimbursed to Plaintiff. (*Id.*)

1

On October 9, 2017, Plaintiff filed a complaint for review of the administrative decision denying an application for Social Security benefits. (Doc. 1.) The Court found the administrative law judge failed to apply the proper legal standards in evaluating the credibility of Plaintiff's subjective complaints. (Doc. 27 at 7-10.) Thus, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on March 1, 2019. (*Id.* at 11-12.) Following the entry of judgment in favor of Plaintiff, the Court awarded $5,000.00 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 28; Doc. 32 at 1.)

Upon remand, the Social Security Administration determined Plaintiff was disabled beginning March 24, 2012. (Doc. 33-2 at 2.) Thus, the Administration found Plaintiff was entitled to benefits beginning in September 2012 and was owed past-due benefits in the total amount of $96,997.00 through March 2020. (*Id.* at 1-2; Doc. 33 at 3.) From this total, the Administration withheld $24,249.25 for the payment of attorney fees. (Doc. 33-2 at 4.)

Counsel filed the motion now before the Court on May 13, 2021, seeking fees in the amount of $20,000.18. (Doc. 33.) However, Ms. Brown notes that the net fee is for $15,000.18, due to the amount previously paid under the EAJA. (*Id.* at 1.) Plaintiff was served with the motion by U.S. mail on May 13, 2021. (Doc. 35 at 1.) To date, Plaintiff has not filed an opposition, or otherwise responded to the motion for fees.

**II.     Attorney Fees under § 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

2

### III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 33-1 at 3-5.) Counsel accepted the risk of loss in the representation and expended a total of 26.35 hours while representing Plaintiff before the District Court. (Doc. 33 at 5; Doc. 33-3 at 1.) Tasks undertaken included reviewing the administrative record; legal research regarding the issues presented; and preparation of the complaint, confidential letter brief, opening brief, and reply brief. (*See* Doc. 33-3 at 1.) Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a favorable decision from the Social Security Administration. For this, Ms. Brown requests a fee of $20,000.18, which is approximately 20.6% of the past-due benefits owed to Plaintiff. (Doc. 33 at 3.) Because Ms. Brown requests that the Court deduct the amount previously paid under the EAJA, the net cost to Plaintiff is $15,000.18. (*See id.* at 6.) Finally, although served with the motion (Doc. 35), Plaintiff did not oppose the request and thereby indicates an implicit belief that the total amount requested for attorney fees is reasonable.

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct. Plaintiff was able to secure a remand for payment of benefits following the appeal, including an award of past-due benefits beginning September 2012. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b) or the amount agreed upon by counsel and Plaintiff. (*See* Doc. 33-1 at 4.)

///

///

**IV. Conclusion and Order**

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Ms. Brown and Mackenzie Legal are reasonable. Accordingly, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) (Doc. 33) is **GRANTED**;
2. The Commissioner **SHALL** pay $15,000.18 directly to Counsel, Kelsey Mackenzie Brown, out of the funds being withheld; and
3. Any remaining funds being held by the Administration **SHALL** be released to Plaintiff.

IT IS SO ORDERED.

Dated: **June 2, 2021**          _ **/s/ Jennifer L. Thurston**
                                            CHIEF UNITED STATES MAGISTRATE JUDGE